*89
 
 Battle, J.
 

 Had the plaintiff given the refunding bond, which we think the defendant, as administrator of William E. Kelly, had a right to demand, he would have been responsible thereon, for the whole liability of John Kelly, in the contributions necessary for paying the outstanding debts due from the estate of the defendant’s intestate. Át least, such would have been the equity of the plaintiff, as against the distributees of the estate of the intestate, other than John Kelly, from whom the plaintiff purchased the slaves mentioned in the pleadings. As the defendant permitted the next of kin of his intestate to divide the slaves before he had paid off the debts and settled the estate, relying on the refunding bonds, which they respectively gave, we think he can not, in a court of equity, call upon the plaintiff for more than may be necessary to pay his share of the outstanding debts. From this, it appears that the injunction ought not to have been dissolved
 
 m toto,
 
 but
 
 only pro
 
 tanto, the amount indicated above ; and in that amount, is not to he included the sum due the defendant from John Kelly, on account of his purchases at the sale. 'That is a debt which the defendant ought to have collected, or at least secured, before he permitted the division of the slaves, and for it, the plaintiff is in no way responsible.
 

 The interlocutory order, dissolving the injunction
 
 in toto,
 
 must be reversed, and this opinion must be certified to the Court below, to the end that the proper order may be there made as herein indicated.
 

 Per Curiam, Decree accordingly.